U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 1 0 2008

DAVID J. MALAND, CLERK

BY
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 4:08CR 226 |
| | § | Judge Schell |
| | § | |
| BOBBY BRANDON KINSEY (1) | § | |
| KIMBERLY LYNNE HANEY (2) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT I

Violation: 21 U.S.C. § 846 (Conspiracy to
Distribute and Possess with Intent to
Manufacture Distribute and Dispense
Methamphetamine and Marijuana)

From sometime in or about January 2008, the exact date being unknown, and continuing

thereafter up through and including the date of the filing of this Indictment, in the Eastern

District of Texas and elsewhere,

### BOBBY BRANDON KINSEY
### KIMBERLY LYNNE HANEY

defendants herein, did knowingly and intentionally conspire, confederate, and agree with each

other and with other persons known and unknown to the United States Grand Jury to knowingly

and intentionally possess with the intent to manufacture, distribute and dispense:

500 grams or more of a mixture or substance containing a detectable amount of
methamphetamine;

50 grams or more of methamphetamine (actual);

50 kilograms or less of a mixture or substance containing a detectable amount of marijuana;

a violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT II

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a
Drug Trafficking Crime)

On or about September 19, 2008, in the Eastern District of Texas, Defendant BOBBY

BRANDON KINSEY, did knowingly possess firearms, namely, (1) a Taurus, .45 caliber

handgun, Serial Number NXH16774; (2) a Lorcin, .380 caliber handgun, Serial No. 260676; (3)

Remington Arms, double barrel shotgun, Serial No. Q372562, in furtherance of a drug trafficking

crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to

possess with intent to distribute methamphetamine and marijuana alleged in Count I of this

Indictment, a violation of 21 U.S.C. § 846.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT III

Violation: 18 U.S.C. § 922(g)(3)
(Unlawful user of a controlled substance in
possession of a firearm)

On or about September 19, 2008, in the Eastern District of Texas, Defendant, BOBBY

BRANDON KINSEY, who was an unlawful user of a controlled substance, did knowingly

possess in and affecting commerce firearms, namely, (1) a Taurus, .45 caliber handgun, Serial

Number NXH16774; (2) a Lorcin, .380 caliber handgun, Serial No. 260676; (3) Remington

Arms, double barrel shotgun, Serial No. Q372562, in violation of Title 18, United States Code,

Section 922(g)(3).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853

As a result of committing the foregoing offenses charged in this Indictment, **BOBBY BRANDON KINSEY**, Defendant herein, used or intended to use, the below described property to commit or facilitate the said controlled substance violation and the below described property is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. 846, including but not limited to:

## FIREARMS -

(1) a Taurus, .45 caliber handgun, Serial Number NXH16774;
(2) a Lorcin, .380 caliber handgun, Serial No. 260676; and
(3) Remington Arms, double barrel shotgun, Serial No. Q372562.

## SUBSTITUTE ASSETS -

If any of the above-described forfeitable property, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

By virtue of the commission of the felony offenses charged in this Indictment by Defendant, any and all interest they have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. §

853.

A TRUE BILL

_____
GRAND JURY FOREPERSON

REBECCA GREGORY
UNITED STATES ATTORNEY

ERNEST GONZALEZ
ASSISTANT U. S. ATTORNEY

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 4:08CR___** |
| | § | **Judge _____** |
| **BOBBY BRANDON KINSEY (1)** | § | |
| **KIMBERLY LYNNE HANEY (2)** | § | |

## NOTICE OF PENALTY

### COUNT I

<u>Violation:</u>    21 U.S.C. § 846

<u>Penalty:</u>

<u>500 grams or more of a mixture or substance containing a detectable amount of
methamphetamine, or 50 grams or more of methamphetamine (actual)</u>

> A term of imprisonment of not less than ten (10) years nor more than life, a
> fine not to exceed $4,000,000, or both, and a term of supervised release of at least
> five (5) years.

<u>At least 50 grams but less than 500 grams of a mixture or substance containing a detectable
amount of methamphetamine, or at least 5 grams but less than 50 grams of methamphetamine
(actual)</u>

> Imprisonment for not less than five (5) years nor more than forty (40) years, a fine
> not to exceed $2,000,000, or both, and a term of supervised release of at least four
> (4) years.

<u>Less than 50 grams of a mixture or substance containing a detectable amount of
methamphetamine, or less than 5 grams of methamphetamine (actual)</u>

> Imprisonment for not more than twenty (20) years, a fine not to exceed
> $1,000,000, or both, and a term of supervised release of at least three (3) years.

<u>Special Assessment:</u>    $100.00

**INDICTMENT - Page 5**

## COUNT II

Violation:       18 U.S.C. § 924(c)

Penalty:        A term of imprisonment of not less than five (5) years nor more than life which
                must be served consecutively to any other term of imprisonment, a fine not to
                exceed $250,000, or both, and a term of supervised release of not more than five
                (5) years.

Special Assessment:   $100.00

## COUNT III

Violation:       18 U.S.C. § 922(g)(3)

Penalty:        Imprisonment for not more than ten (10) years, a fine not to exceed
                $250,000, or both.  A term of supervised release of not more than three (3)
                years.

Special Assessment:   $100.00