United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
December 13, 2010

Lyle W. Cayce
Clerk

No. 09-41288
Summary Calendar

D.C. Docket No. 4:08-CR-226-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

BOBBY BRANDON KINSEY,

    Defendant - Appellant

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN - 6 2011

DAVID J. MALAND, CLERK
BY
DEPUTY_____

Appeal from the United States District Court for the
Eastern District of Texas, Sherman

Before KING, BENAVIDES, and ELROD, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:  JAN 0 4 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
           Deputy

New Orleans, Louisiana   JAN 0 4 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 13, 2010

Lyle W. Cayce
Clerk

No. 09-41288
Summary Calendar

UNITED STATES OF AMERICA,

                Plaintiff-Appellee

v.

BOBBY BRANDON KINSEY,

                Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-226-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Bobby Brandon Kinsey appeals his guilty plea conviction for conspiracy to possess with intent to manufacture, distribute, and dispense methamphetamine and marijuana and possession of a firearm in furtherance of a drug trafficking crime. Additionally, Kinsey seeks to challenge the sentence imposed by the district court.

    Kinsey argues that the district court reversibly erred by accepting his guilty plea because there was an insufficient factual basis for the plea. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that his trial counsel rendered ineffective assistance in connection with the guilty plea. Kinsey further argues that the waiver provision contained in the plea agreement, which the Government seeks to enforce, is invalid due to ineffective assistance of counsel.

Kinsey's challenge to the sufficiency of the factual basis is raised for the first time on appeal. Accordingly, review is for plain error. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). In this case, the record as a whole, including the factual basis, rearraignment colloquy, and presentence report, demonstrates that Kinsey knowingly and voluntarily entered into an agreement with two or more people to violate the narcotics laws regarding the possession, manufacturing, dispensing, and distribution of methamphetamine and marijuana. *See United States v. Vonn*, 535 U.S. 55, 74 (2002); *United States v. Gallardo-Trapero*, 185 F.3d 307, 317 (5th Cir. 1999). Thus, there is a sufficient factual basis to support Kinsey's plea to conspiracy to possess with the intent to manufacture, distribute, and dispense methamphetamine and marijuana. The 60-month sentence imposed by the district court did not exceed the 20-year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). *United States v. Turner*, 319 F.3d 716, 722-23 (5th Cir. 2003); *United States v. Solis*, 299 F.3d 420, 448 (5th Cir. 2002).

We do not consider Kinsey's argument that the factual basis was insufficient to establish that he used, carried, or otherwise employed firearms in during and in relation to a drug trafficking crime. Kinsey was charged with possession of the firearms in furtherance of a drug trafficking crime. *See United States v. McGilberry*, 480 F.3d 326, 329 (5th Cir. 2007).

We also decline to consider Kinsey's ineffective assistance of counsel claim on direct appeal. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *see also Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Finally, we do not consider Kinsey's challenge to the sentence imposed because the record

establishes that he knowingly and voluntarily waived his right to appeal. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

AFFIRMED.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

January 04, 2011

Mr. David Maland
Eastern District of Texas, Sherman
United States District Court
216 Federal Building
Sherman, TX 75090-0000

    No. 09-41288, USA v. Bobby Kinsey
        USDC No. 4:08-CR-226-1

Enclosed, for the Eastern District of Texas, Sherman only, is a copy of the judgment issued as the mandate.

Enclosed, for the Eastern District of Texas, Sherman only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( ) Volumes    ( 1 ) Sealed Envelope    ( ) Boxes

The electronic copy of the record has been recycled.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

By: _____
Linda B. Miles, Deputy Clerk
504-310-7709

cc: (letter only)
    Mr. Stanley Rafe Foreman
    Mr. Ernest Gonzalez
    Ms. Traci Lynne Kenner
    Honorable Richard A. Schell

P.S. to Judge Schell: A copy of the opinion was sent to your office via email the day it was filed.

*Mandate Issued - MDT-1 (!ag,tax,img)*